Odus H. ROGERS, Appellant,

v.

Helene A. SAEGER, Robert W. Saeger and Homer D. Stanley, Appellees.

No. 5554.

United States Court of Appeals Tenth Circuit.

Aug. 12, 1957.

Rehearing Denied Sept. 13, 1957.

Herbert H. Hopper, Wichita, Kan., for appellant.

C. H. Morris, Wichita, Kan. (Leo Lyng, Russell N. MacLeod and Edward I. Davidson, St. Louis, Mo., Kenneth N. Kripke and Robert E. McLean, Denver, Colo., Robert F. Bailey and Willard J. Kiser, Wichita, Kan., on the brief), for appellees.

Before BRATTON, Chief Judge, and HUXMAN and MURRAH, Circuit Judges.

MURRAH, Circuit Judge.

This libel action arises out of a collision of a moving inboard motor boat with an anchored outboard motor boat on admittedly navigable waters of Lake Norfolk in Kansas. The trial court gave judgment for the claimant-occupants of the anchored boat, and the petitioner-owner of the other boat has appealed.

The accident occurred about 12:45 a. m. while the claimants were fishing in a cove near a point on the Lake. One of the claimants was seated in the bow, one in the midsection and one in the stern. There was another uninjured occupant in the boat but his physical position therein is not clear from the record. The boat was pointed westward and each of the claimants was facing toward the bow of the boat and fishing to the left on the southerly side. A burning Coleman lantern, 10 to 12 inches high, equipped with a canopy and reflector to divert the light downward, was on an oar lying horizontal with the middle seat. It was on the left or southerly side of the boat, and was based below the gunwale with the glass part of the lantern above it. The light was being used to attract fish and as a warning signal, and was seen by a witness on the dock about three-quarters of a mile away to the south. The moving boat approached from the opposite side, traveling southeasterly at about twenty-five miles per hour, a speed sufficient to plane the boat.

The skipper-petitioner and his wife were forward but did not see the anchored boat until they were hard upon it. The occupants of the anchored boat did not see or hear the moving boat until seconds before the collision. The moving boat struck the anchored boat midship, turning it over and casting the occupants into the water, causing personal injuries.

The petitioner and his wife testified that their running lights were burning and that they were both keeping a lookout, but the witness on the dock at the time of the collision testified that when the party was brought ashore, the petitioner stated that "he was having trouble with his battery and didn't have his running lights on."

The trial court found that at the time of the collision and prior thereto, the lighted Coleman lantern was aboard the claimants' boat, but that even if there was no lighted lantern, the petitioner negligently failed to observe the anchored boat. It concluded that the petitioner's negligence was the sole and proximate cause of the collision and awarded judgment accordingly.

 Admiralty cases are tried de novo, but the scope of the review is the same as civil actions under Rule 52(a) F.R.Civ.P., 28 U.S.C.A., and we ought not therefore disturb the trial court's findings unless on the entire evidence we are left with a definite and firm conviction that a mistake has been committed. McAllister v. United States, 348 U.S. 19, 75 S.Ct. 6, 99 L.Ed. 20. Having due regard for the opportunity of the trial court to observe the witnesses and to judge their credibility, we accept its findings that the petitioner was negligent in the operation of his boat, and that such negligence proximately caused the collision. But we are also convinced that while the lighted Coleman lantern was aboard the anchored boat, it was obscured from the view of the approaching boat by reason of its admitted position therein and the purposes for which it was being used.

 Section 180, Title 33 U.S.C.A., applicable to vessels in inland waters, provides that "A vessel under one hundred and fifty feet in length when at anchor shall carry forward, where it can best be seen, but at a height not exceeding twenty feet above the hull, a white light, in a lantern so constructed as to show a clear, uniform, and unbroken light visible all around the horizon at a distance of at least one mile." And, it is the general rule that where a moving vessel collides with an anchored vessel, the burden is on the moving vessel to explain the collision. Where, however, it appears that the cause of the collision was lack of lights on the anchored vessel, the anchored vessel then has the burden of showing that it did have proper lights at and immediately prior to the collision. American Dredging Co. v. Calmar S. S. Corp., D.C., 121 F.Supp. 255, 262, affirmed per curiam, 3 Cir., 218 F.2d 823.

 In view of the duty thus imposed upon the occupants of the anchored boat, we think the physical facts and the inferences to be drawn therefrom, convict them of contributory negligence, and that the applicable comparative negligence rule calls for an adjustment of the damages awarded the claimants. Pope & Talbot, Inc., v. Hawn, 346 U.S. 406, 74 S.Ct. 202, 98 L.Ed. 143; Imperial Oil, Ltd. v. Drlik, 6 Cir., 234 F.2d 4. Since the claimants were undoubtedly engaged in a joint enterprise at the time of the accident, contributory negligence is imputable to each of them. The trial court awarded Helene A. Saeger $25,000. We remit the award to $20,000. The award to Robert W. Saeger is remitted from $2,500 to $1,500; and the award to Homer D. Stanley from $600 to $400. As thus modified, the judgments are severally affirmed.